| | |
|---|---|
| IN THE UNITED STATES DISTRICT COURT | |
| FOR THE EASTERN DISTRICT OF CALIFORNIA | |

JACQUELYN H. BOGGS,                    No. CIV S-05-0917-CMK

      Plaintiff,

   vs.                                                  ORDER

COMMISSIONER OF SOCIAL
SECURITY,

      Defendant.

_____/

      Plaintiff, who is proceeding with retained counsel, brings this action for judicial review of a final decision of the Commissioner of Social Security under 42 U.S.C. § 405(g). Pending before the court is plaintiff's counsel's motion for attorneys fees (Doc. 44) under 42 U.S.C. § 406(b). Defendant has filed a response (Doc. 45), and counsel has filed a reply (Doc. 46).

      In her motion, counsel indicates that plaintiff received an award of benefits in the amount of $64,251.00. Counsel seeks 25% of that award as attorneys fees, or $16,062.75, less $9,000.00 in EAJA fees that has already been awarded, for a total of $7,062.75 under § 406(b). As defendant notes in his opposition, however, counsel's fee agreement with plaintiff provides at

1

¶ 3 as follows: "Under no circumstances shall the attorneys' fees due or paid under this agreement exceed Five Thousand Three Hundred Dollars ($5,300.00)." Defendant argues that counsel should be paid $5,300.00 in fees under § 406(b) and be required to return to plaintiff the $9,000.00 EAJA award. In her reply, counsel concedes that this is the maximum she should receive in fees under § 406(b). Counsel contends that she should be able to retain the $9,000.00 EAJA fee award.

Neither party, however, addresses ¶ 3(D) of the agreement, which stated:

> D. Bess M. Brewer, Esq. May also pursue an award of attorneys' fees from the Social Security Administration under the Equal Access to Justice Act on behalf of client. Any attorney fees recovered as a result of that pursuit, whether through court award or by settlement, are assigned to Bess M. Brewer, Esq., as her own property <u>and shall reduce dollar-for-dollar the amount of Client's liability to Bess M. Brewer, Esq., for fees for legal services</u>. . . . (Emphasis added).

Based on this language, it would appear that counsel and plaintiff agreed that any fees paid under EAJA would reduce any fees owed under § 406(b). Because counsel received more in EAJA fees than she is owed under § 406(b), the fee agreement indicates that plaintiff has no obligation to pay any fees under § 406(b).

Counsel contends that, consistent with the normal practice of this court, the $9,000.00 EAJA fee award should be subtracted from her 25% share of plaintiff's benefits. She cites three cases in which this occurred. See <u>Dickerson v. Social Security</u>, E.D. Cal. case no. CIV-S-03-1972-CMK, <u>Almeida v. Astrue</u>, E.D. Cal. case no. CIV-S-03-1615-GGH, and <u>Baily v. Astrue</u>, E.D. Cal. case no. CIV-S-06-1497-KJM. The fee agreements in these cases, however, do not contain language similar to the language in ¶ 3(D) of the agreement in this case. Just as counsel is bound by the fee agreement that her § 406(b) fees are capped at $5,300.00, she is bound by ¶ 3(D) which provides that an EAJA award reduces plaintiff's liability for fees "dollar-for-dollar." Here, plaintiff's liability for fees is capped at $5,300.00. Under ¶ 3(D), the first $5,300.00 in EAJA fees reduced this liability to zero.

It is possible, that counsel intended ¶ 3(D) of the fee agreement to reduce

plaintiff's liability for fees under the 25% provision by any amount paid to counsel under EAJA. Absent language providing for the $5,300.00 cap, this would certainly be true, in which case counsel would be entitled to $16,062.75, less $9,000.00 in EAJA fees, for a total of $7,062.75. However, the $5,300.00 cap coupled with the "dollar-for-dollar" reduction of the "amount of Client's liability" represented by the $9,000.00 EAJA award, operates by the plain language of the fee agreement to reduce plaintiff's liability for fees to zero. To have avoided this result, the fee agreement could have specified that plaintiff's liability for fees would be the lower of 25% of any award less any EAJA award, or $5,300.00. The agreement before the court, however, does not so provide.

A final issue suggested by the fee agreement is whether counsel owes to plaintiff the different between $9,000.00 paid in EAJA fees and the $5,300.00 cap. Absent the $5,300.00 cap, plaintiff would have been entitled to a credit against her liability for fees for the full amount of any EAJA award. Had the EAJA award in this case been $5,300.00 or less, this issue would not arise. The court finds, however, that the fee agreement does not provide for any refund of EAJA fees recovered which exceed the cap. It merely provides for a reduction in plaintiff's total liability for fees.

Because plaintiff's counsel has already been paid $9,000.00 in EAJA fees, which amount exceeds the agreed $5,300.00 cap for fees under § 406(b), plaintiff is not liable for any additional fees. Any amounts withheld from plaintiff's award of benefits for payment of attorney's fees shall be paid to plaintiff.

IT IS SO ORDERED.

DATED: April 14, 2009

_____
CRAIG M. KELLISON
UNITED STATES MAGISTRATE JUDGE